**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE ROY BECK,<br><br>Petitioner - Appellee,<br><br>v.<br><br>MARK NOOTH,<br><br>Respondent - Appellant. | No. 11-35391<br><br>D.C. No. 3:08-cv-00636-KI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted May 10, 2012
Portland, Oregon

Before: KOZINSKI, Chief Judge, TALLMAN and IKUTA, Circuit Judges.

Respondent-appellant Mark Nooth, Superintendent of the Snake River

Correctional Institution, appeals the district court's grant of petitioner-appellee

Lawrence Roy Beck's 28 U.S.C. § 2254 habeas petition challenging his conviction

for multiple crimes, including four counts of attempted murder of law enforcement

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

officers with a firearm in violation of Or. Rev. Stat. §§ 161.405, 163.115, and 161.610.  Notwithstanding the deferential standard of review under 28 U.S.C. § 2254(d), the district court held that Beck was denied effective assistance of counsel when Beck's trial counsel failed to move for a competency hearing before allowing Beck to plead guilty, and that Beck was denied due process when the trial court did not sua sponte order such a hearing.  We have jurisdiction under 28 U.S.C. § 2253, and we reverse.

The district court erred in holding that the state court's determination that Beck's trial counsel was not ineffective was an unreasonable application of clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).  Based on the transcript and the trial counsel's affidavit, the state court could reasonably determine that Beck had "(1) a rational as well as factual understanding of the proceedings against him, and (2) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *Stanley v. Cullen*, 633 F.3d 852, 860 (9th Cir. 2011) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)) (internal quotation marks omitted).  Even assuming that the district court properly considered the Pre-Sentence Report and the psychological evaluation, Beck has failed to present evidence showing that trial counsel's performance was so clearly ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), that no

fairminded jurist could agree with the state court's conclusion to the contrary. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

The district court also erred in its holding that there was no reasonable basis to support the state court's rejection of Beck's due process claim. *See* 28 U.S.C. § 2254(d)(1). The state post-conviction review court held that there was insufficient evidence before the trial judge to raise a "bona fide doubt" as to Beck's competence to stand trial. *See Pate v. Robinson*, 383 U.S. 375, 385 (1966). The record supports that conclusion, even considering all the information then available to the trial court, and Beck has therefore not shown that the state court's determination was so objectively unreasonable that habeas relief is warranted. *See Williams v. Taylor*, 529 U.S. 362, 409–10 (2000).

**REVERSED and REMANDED with instructions to DENY the application for federal habeas relief.**